# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIDIANE KONE,

        Plaintiff,

    v.

OFFICER BARSON,[1]

        Defendant.

Case No. 3:23-cv-00231-SLG

## SCREENING ORDER

On October 4, 2023, self-represented prisoner Tidiane Kone filed a civil complaint ("Complaint"), a civil cover sheet, and two applications to waive prepayment of the filing fee.[2] In the Complaint, Plaintiff alleged that on or about September 10, 2023, Office Barson used excessive force in violation of Plaintiff's rights under the 8th Amendment.[3] Then, on November 7, 2023, Plaintiff filed a First Amended Complaint claiming Sergeant M. Koncaba violated his right to be free from cruel and unusual punishment on October 7, 2023, and the Department of Corrections denied him medical care on October 12, 2023.[4] In the included narrative and attached motion for a preliminary injunction, Plaintiff also challenged

---

[1] Plaintiff originally named "Officer Barker" as a defendant but substituted Defendant's true name "Officer Barson" in his Second Amended Complaint. Docket 11. The case caption has been updated accordingly.

[2] Dockets 1-4.

[3] Docket 1.

[4] Docket 7-1 at 3-4.

a disciplinary proceeding and described multiple instances of alleged retaliation—including harassment, missing money, excessive force, cold temperatures, and denial of eyeglasses.[5] Then, on January 4, 2024, Plaintiff filed a Second Amended Complaint alleging Officer Barson retaliated against him again on December 31, 2023.[6] On January 25, 2024, Plaintiff notified the Court he had recently been transferred from Spring Creek Correctional Center to the Mat-Su Pretrial Facility.[7]

Although it is apparent from the filings that Plaintiff intended each amended complaint to supplement his earlier filings, in federal court, an "amended complaint supersedes the original, the latter being treated thereafter as non-existent."[8] Therefore, the Court denies the motion for leave to file the first amended complaint at Docket 7 as moot and screens the Second Amended Complaint filed at Docket 11 in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or

---

[5] Docket 8 at 1-3.

[6] Docket 11 at 3.

[7] Although Mat-Su is classified as a Pre-Trial Facility, Plaintiff appears to have been a convicted prisoner during all alleged events. *See* Docket 8 at 1.

[8] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (citations omitted). *See also* Local Civil Rule 15.1(a) (An "amended pleading must not incorporate by reference any prior pleading, including exhibits.").

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 2 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 2 of 17

officer or employee of a governmental entity.[9] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[10]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[11] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

---

[9] 28 U.S.C. §§ 1915, 1915A.

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[12] *See Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir. 2010) (*citing Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

[13] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 3 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 3 of 17

**DISCUSSION**

In the Second Amended Complaint, Plaintiff claims Defendant Barson has been retaliating against him since Plaintiff filed this lawsuit alleging excessive force by Defendant Barson.[14] Plaintiff believes he is a target of racial profiling, and that no other inmate is being subjected to the same unreasonable searches or use of force to which he alleges he has been subjected.[15] Plaintiff also generally brings allegations of "unsafe prison conditions."[16]

For relief, Plaintiff seeks $50,000.00 in damages and an order requiring defendants to stop harassing and targeting him.[17]

## I. Requirements to State a Claim

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] In conducting its review, a court must liberally construe a self-represented

---

[14] Docket 11.

[15] Docket 11 at 3.

[16] Docket 11 at 7.

[17] Docket 11 at 8. Plaintiff also maintains he is entitled to summary judgment because Defendants have not answered the complaint. But persons named as defendants are not required to file an answer or other response to a self-represented prisoner's complaint until after the Court has completed its mandatory screening process and determined that the complaint states at least one cognizable claim.

[18] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 4 of 17
Case 3:23-cv-00231-SLG    Document 14    Filed 02/09/24    Page 4 of 17

plaintiff's pleading and give the plaintiff the benefit of the doubt.[19]  Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]  Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"  A complaint should set out each claim for relief separately.  Each claim should identify (1) the specific harm that a plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[21]  A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[22]

The Second Amended Complaint does not contain sufficient plausible facts, accepted as true, to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action.  Therefore, the Court must dismiss the Second Amended Complaint.  However, the Court grants leave to amend certain claims in accordance with the guidance provided herein.

---

[19] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman,* 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[20] *Ashcroft,* 556 U.S. at 678.

[21] *Id.*

[22] *Id.* (internal citations and quotations omitted).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 5 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 5 of 17

## II. Plaintiff's Claims for Injunctive and Declaratory Relief are Mooted by his Transfer to a Different Facility

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[23] "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."[24]

Plaintiff filed a Notice of Change of Address on January 20, 2024, indicating he has been transferred to a different facility.[25] Without evidence of an expectation that he will be transferred back to the Spring Creek facility, Plaintiff's requests for injunctive and declaratory relief are mooted by his transfer.[26] Therefore, Plaintiff's request for injunctive relief at Docket 8 must be denied. In any amended complaint, Plaintiff must not include claims for injunctive or declaratory relief. However, Plaintiff may file an amended complaint to pursue monetary damages in accordance with the guidance provided below.

---

[23] *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990); accord *Gator.com Corp. v. L.L. Bean*, *Inc.,* 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc).

[24] *Am. Rivers v. Nat'l Marine Fisheries Serv.,* 126 F.3d 1118, 1123 (9th Cir. 1997).

[25] Docket 13.

[26] *Preiser,* 422 U.S. at 402–03 (where prisoner challenges conditions of confinement and seeks injunctive relief, transfer to another prison renders request for injunctive relief moot absent evidence of an expectation that prisoner will be transferred back to offending institution); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (prisoner's injunctive relief claim against state prison official is moot following transfer to federal prison).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 6 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 6 of 17

## III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[27] A state correctional officer acting during her employment is a state actor.

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he or she is legally required to do that causes the deprivation of which complaint is made."[28] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[29]

## IV. Conditions of Confinement

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"[30] Conditions of confinement may, consistent

---

[27] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[28] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[29] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[30] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal citation omitted).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 7 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 7 of 17

with the Constitution, be restrictive and harsh.[31] When considering the conditions of confinement, a federal court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment.[32] The court should also consider the amount of time to which the prisoner was subjected to the condition.[33] "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise."[34] To prevail on a claim for unconstitutional conditions of confinement, a plaintiff must demonstrate a deprivation of "the minimal civilized measures of life's necessities."[35]

## V. Excessive Force

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

---

[31] *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc).

[32] *See Toussaint*, 801 F.2d at 1107; *Wright*, 642 F.2d at 1133.

[33] *See Hutto v. Finney*, 437 U.S. 678, 686–87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

[34] *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010); *Osolinski*, 92 F.3d at 938–39; *Toussaint*, 801 F.2d at 1107; *Wright*, 642 F.2d at 1133.

[35] *Allen v. Sakai,* 48 F.3d 1082, 1084 (9th Cir. 1995) (*citing Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 8 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 8 of 17

and sadistically to cause harm."[36] "[S]ubjective intent is critical in an Eighth Amendment analysis. More than de minimis force applied for no good faith law enforcement purpose violates the Eighth Amendment."[37] Where a prison official has acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard, applies.[38] Whether in the context of a prison-wide disturbance or an individual confrontation between an officer and prisoner, corrections officers often must act immediately and emphatically to defuse a potentially explosive situation."[39] When determining whether the force is excessive, the court should look to the "extent of injury … , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' "[40]

---

[36] *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *Hughes v. Rodriguez*, 31 F.4th 1211,1221 (9th Cir. 2022) ("In excessive force cases brought under the Eighth Amendment, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

[37] *Rodriguez*, 891 F.3d at 797(citing *Whitley*, 475 U.S. at 320–21).

[38] *See Whitley*, 475 U.S. at 320–21; *Rodriguez*, 891 F.3d at 796 (9th Cir. 2018) ("A plaintiff cannot prove an Eighth Amendment violation without showing that force was employed 'maliciously and sadistically' for the purpose of causing harm.")

[39] *Jordan,* 986 F.2d at 1528 (citations omitted).

[40] *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 9 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 9 of 17

## VI. Unreasonable Cell Searches

Decisions regarding prison security are "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."[41] "[C]orrectional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities," and such a policy "must be upheld 'if it is reasonably related to legitimate penological interests.' "[42] Prisoners have no right of privacy in their cells,[43] so Plaintiff cannot maintain a claim under the Fourth Amendment. Further, as explained below, Plaintiff has not pleaded facts to support that the cell search was motivated by discrimination or in retaliation.

## VII. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[44] The Fourteenth Amendment

---

[41] *Pell v. Procunier*, 417 U.S. 817, 827 (1974); see also *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington,* 566 U.S. 318, 326 (2012) ("The difficulties of operating a detention center must not be underestimated by the courts.").

[42] *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 328 (2012) (quoting *Turner v. Safley*, 482 U.S. at 89).

[43] *See Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984); *see also Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (recognizing a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the continual surveillance of inmates and their cells required to ensure security and internal order).

[44] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 10 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 10 of 17

is not violated by unintentional conduct that may have a disparate impact.[45] To state a claim for a violation of this provision, a plaintiff must plausibly allege facts that if proven, would demonstrate that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class."[46] Disparate treatment is the initial element of an equal protection claim and Plaintiff has not alleged facts to support a finding of discrimination based on Plaintiff's membership in a protected class. Therefore, Plaintiff fails to state a claim for violation of the Equal Protection Clause.

## VIII. Retaliation

Under the First Amendment to the United States Constitution, an individual has the right to be free from governmental action taken to retaliate against his exercise of First Amendment rights—such as access to the courts— or to deter the individual from exercising those rights in the future.[47] Prison officials may not retaliate against prisoners for exercising their First Amendment rights to pursue litigation or file administrative grievances.[48]

A First Amendment claim for retaliation has five elements: (1) adverse action by a state actor against the inmate (2) because of (3) that prisoner's protected

---

[45] *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265 (1977); *Washington v. Davis,* 426 U.S. 229, 239 (1976).

[46] *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998).

[47] *Sloman v. Tadlock,* 21 F.3d 1462, 1469-70 (9th Cir. 1994).

[48] *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir. 2005).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 11 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 11 of 17

conduct, and the action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal.[49] To establish the "because of" element, an inmate "must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[50] If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the "because of" element of the retaliation claim."[51] A plaintiff bears the initial burden of showing that the exercise of his First Amendment rights was a substantial or motivating factor behind the defendant's conduct.[52] "[M]ere speculation that defendants acted out of retaliation is not sufficient."[53]

Plaintiff claims he has been retaliated against since filing this lawsuit, but he has not connected any actions by Defendant Barson with an intent to chill Plaintiff's First Amendment activity. Further, he claims the alleged events were motivated by racial discrimination. Yet given the length of time between the alleged events that occurred, and the multiple correctional officers allegedly involved, it is unlikely Plaintiff could plead any additional facts that could cure this deficiency.

---

[49] *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021).

[50] *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quotations omitted) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).

[51] Docket 12 at 9.

[52] *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

[53] *Wood v. Yordy,* 753 F.3d 899, 904 (9th Cir. 2014).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 12 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 12 of 17

Nonetheless, although amendment to state a First Amendment claim is likely futile, the Court grants Plaintiff leave to amend this claim.

## CONCLUSION

Plaintiff is accorded 30 days from the date of this order to file a third amended complaint. An amended complaint replaces the prior complaint in its entirety.[54] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[55] An amended complaint need not contain legal research or analysis, but each claim must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it need not contain or have attached to it medical records or other documentation.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[56] An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify

---

[54] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[55] Fed. R. Civ. P. 8(a)(2).

[56] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 13 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 13 of 17

(1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action."[57] In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts that involve multiple defendants. Unrelated claims that involve different defendants must be brought in separate lawsuits.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Second Amended Complaint at **Docket 11 is DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint for damages in accordance with the guidance provided in this order.

2. Plaintiff is accorded **30 days** from the date of this order to file **one of the following:**

---

[57] Fed. R. Civ. P. 20(a)(2).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 14 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 14 of 17

a. <u>Third Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's applications to waive prepayment of the filing fee at **Dockets 3-4 are GRANTED.**

5. Plaintiff's motions at **Dockets 7-9 are DENIED as moot.**

6. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[58] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either

---

[58] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 15 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 15 of 17

(1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[59]  Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[60] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion.  Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[61]  The Notice shall not include requests for any other relief.  A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[59] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[60] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[61] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 16 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 16 of 17

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "THIRD AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 9th day of February, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00231-SLG, *Kone v. Barson*
Screening Order
Page 17 of 17
Case 3:23-cv-00231-SLG   Document 14   Filed 02/09/24   Page 17 of 17