# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIDIANE KONE,

        Plaintiff,

   v.

KATRINA BAKER,

        Defendant.

Case No. 3:23-cv-00231-SLG

## **ORDER ON 14 PENDING MOTIONS**

This order addresses the following 12 motions filed by Plaintiff Tidiane Kone:

1. Docket 65, Motion for Certificate of Good Faith. Defendant Katrina Baker responded in opposition at Docket 68.

2. Docket 71, Motion for Deposition.

3. Docket 72, Motion for Opposition to Defendant Objections for Production Discovery.

4. Docket 73, Motion to Appoint Counsel.

5. Docket 74, Motion Proposed in Good Faith Failure to Make Disclosures.

At Docket 75, Ms. Baker filed an omnibus response to the motions at Dockets 71, 72, 73, and 74.

6. Docket 78, Motion Order re Motion to Unseal or Video Inspection. Ms. Baker filed a response at Docket 81, to which Mr. Kone replied at Docket 83.

7. Docket 85, Motion for Extension of Time. Ms. Baker filed a response at Docket 86.

8. Docket 88, Motion for Reconsideration of Compelling Disclosure or Discovery. Ms. Baker filed a response at Docket 91, to which Mr. Kone replied at Docket 93.

9. Docket 95, Declaration and Motion.

10. Docket 97, Declaration for Entry of Default.

11. Docket 99, Motion for Reconsideration re Preliminary Injunctions and Temporary Restraining Orders.

12. Docket 101, Motion for an Order Compelling Disclosure or Discovery.

At Docket 105, Ms. Baker filed an omnibus response to the motions at Dockets 95, 97, 99, and 101.

In addition, this order addresses the following two motions filed by Defendant Katrina Baker:

13. Docket 84, Motion for Protective Order and Authority to Disclose Department of Corrections ("DOC") Records.

14. Docket 103, Motion to Accept Late-Filed Oppositions.

Mr. Kone did not file a response to either motion.

## BACKGROUND

Plaintiff Kone, a self-represented prisoner, initiated this action in October 2023. In June 2024, the Court found that Mr. Kone's Third Amended Complaint

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 2 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 2 of 15

("TAC") stated a viable cause of action against former correctional officer Katrina Baker alleging excessive force in violation of the Eighth Amendment; at Docket 22, the Court issued an order directing service of the TAC on Defendant Baker and a response from the named Defendant. Ms. Baker duly answered the TAC on October 28, 2024; thereafter, the Court entered a scheduling order at Docket 41 on October 31, 2024.

Mr. Kone has since filed numerous motions. The Court addressed 13 motions in its January 15, 2025 order at Docket 66, in which it denied Mr. Kone's Motion to Appoint Counsel, Motion for Injunctive Relief, Motion for Hearing, Request for Extension of Time to File Amended Pleadings, Motion for Disclosure and Discovery, Motion for Extension of Time for Scheduling Order, Motion for Reconsideration of Preliminary Injunction and TRO, Motion for Order to Transport Prisoners to Testify at Hearing, Motion for Supplemental Pleadings Cruel and Unusual Punishment, Motion for Conference of the Parties: Planning for Discovery, and Motion for Notice. The Court granted Mr. Kone's Notice for Proposed Order, which the Court read as a request for a judicial settlement conference. Now pending are 12 additional motions filed by Mr. Kone and two motions filed by Ms. Baker. An additional motion filed by Mr. Kone at Docket 107 is not yet ripe.

## DISCUSSION

This order addresses each of the 14 pending motions as follows:

**1. Docket 65, Motion for Certificate of Good Faith.**

Mr. Kone asserts that his discovery requests are proper and that he "conferred or attempted to confer" with the person or party failing to make disclosure or discovery.[1] Mr. Kone attaches various discovery requests and motions as exhibits to the motion.[2] Ms. Baker responds that, construed as a motion to compel, Mr. Kone's motion was not ripe when it was filed, because he served his discovery requests on Ms. Baker less than 30 days before the motion was filed.[3] And Ms. Baker contends the motion is now moot, because Ms. Baker served her discovery responses on January 17, 2024—the same day that she filed her response in opposition to the motion.[4]

The Court will treat the motion as a motion to compel and DENIES the motion without prejudice. To succeed on a motion to compel, a plaintiff must explain why he believes each response by the opposing party to each discovery request is inadequate and why the information he seeks is relevant to his case. Mr. Kone has not done so. Additionally, Mr. Kone's phone call to defense counsel's office last year to discuss a scheduling conference and initial disclosures is not a sufficient good faith attempt to confer regarding the specific discovery requests at

---

[1] Docket 65 at 2.

[2] Dockets 65-1–65-2.

[3] Docket 68 at 3–4.

[4] Docket 68 at 4.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 4 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 4 of 15

issue in this motion, as required by Federal Rule of Civil Procedure 37.[5] Rule 37 requires that, before filing a motion to compel, the moving party must "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The parties must present their respective positions regarding each contested discovery dispute in a genuine effort to resolve issues or at least narrow the dispute before seeking judicial intervention. The parties do not need to meet in person or communicate by telephone. To the contrary, and particularly where, as here, one of the parties is a prisoner, <u>the Court strongly encourages that all communication between the parties be in writing via the exchange of letters</u>. The letters can then be filed as attachments to a motion to compel to demonstrate that an adequate conferral took place.

### 2. Docket 71, Motion for Deposition.

Mr. Kone moves to conduct depositions by written questions. The Court has twice explained to Mr. Kone what must be included in any motion for deposition. In the Court's order at Docket 41, page 2, footnote 3, the Court explained:

> Taking a deposition can be costly. If the Plaintiff files a motion to take a deposition, the motion should include an explanation of why the Plaintiff seeks to depose each person, how he intends to coordinate the deposition (telephonic, on written questions, etc.), the estimated cost of the deposition including the cost of the private court reporter, and how the Plaintiff intends to pay for the deposition.

---

[5] *See* Docket 82 at ¶ 2.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 5 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 5 of 15

The Court reiterated this process in its order at Docket 66, page 3: "Mr. Kone may file a motion seeking to take a deposition of a particular individual, explain why that deposition is necessary to pursue his case, and explain how he intends to coordinate the deposition."

Mr. Kone's motion does not name the specific individual (or individuals) whom Mr. Kone seeks to depose; nor does Mr. Kone explain why a deposition of a particular individual is necessary in this action against Ms. Baker.[6] The motion is therefore DENIED without prejudice. Mr. Kone may file a motion for deposition that complies with the Court's instructions.

   **3. Docket 72, Motion for Opposition to Defendant Objections for Production Discovery.**

The Court will treat the motion at Docket 72 as a motion to compel. For the reasons explained above in connection with Docket 65, the motion is DENIED without prejudice. Mr. Kone must first attempt to resolve each discovery dispute by conferring with defense counsel via exchange of letters. Only if those efforts are unsuccessful, may Mr. Kone then file a motion to compel that explains why he believes each response or objection by Defendant is improper and why the information he seeks is relevant to his case.

   **4. Docket 73, Motion to Appoint Counsel.**

---

[6] Mr. Kone lists three grievances in his motion. Docket 71 at 1. But this case is about Ms. Baker's alleged misconduct, not any other grievances Mr. Kone may have. The Court cannot discern—and Mr. Kone does not explain—why discovery related to the grievances listed in the motion would be relevant to this case.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 6 of 15
Case 3:23-cv-00231-SLG     Document 108     Filed 05/07/25     Page 6 of 15

The motion is DENIED. The Court previously found that "Mr. Kone has not shown the requisite 'exceptional circumstances' justifying the Court to request a volunteer attorney on his behalf. Nor are there volunteer attorneys available in this district for pro bono prisoner representation at this time."[7] The Court's conclusion is unchanged.

### 5. Docket 74, Motion Proposed in Good Faith Failure to Make Disclosures.

The Court will treat the motion at Docket 74 as a motion to compel. To the extent that the motion seeks to compel Ms. Baker to respond to the discovery requests attached to the motion as exhibits, the motion is DENIED without prejudice for the reasons explained above in connection with Docket 65. To the extent that Mr. Kone is requesting initial disclosures pursuant to Federal Rule of Civil Procedure 26, that request is also DENIED. As the Court explained in its order at Docket 66, that rule is not applicable to cases brought by a prisoner without an attorney.

### 6. Docket 78, Motion Order re Motion to Unseal or Video Inspection.

Mr. Kone moves to compel production of a surveillance video. Relatedly, in Defendant's Motion for Protective Order and Authority to Disclose Department of Corrections ("DOC") Records at Docket 84, Ms. Baker indicates that she will produce confidential DOC records, including video surveillance pertaining to Mr.

---

[7] Docket 66 at 2.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 7 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 7 of 15

Kone, after the Court enters a protective order governing the use and disclosure of such records. As explained below, the Court will grant the protective order. Accordingly, Mr. Kone's motion to compel at Docket 78 is DENIED without prejudice. Mr. Kone may file a renewed motion to compel the surveillance video if it is not provided to him within 30 days of the date of this order and after Mr. Kone has first attempted to resolve any dispute on this issue via an exchange of letters with defense counsel.

**7. Docket 85, Motion for Extension of Time.**

Mr. Kone moves for an extension of time to conduct depositions.[8] The Court GRANTS the motion as follows: Mr. Kone may file a motion for deposition that complies with the Court's instructions at Docket 41, page 2, footnote 3, **within 14 days** of the date of this order.

**8. Docket 88, Motion for Reconsideration of Compelling Disclosure or Discovery.**

It is unclear what relief Mr. Kone seeks in this motion for reconsideration, as the Court has not previously issued any order on the motions to compel that Mr. Kone has filed since the Court's last order at Docket 66. The motion is therefore DENIED. A motion for reconsideration must clearly identify the specific order that the litigant is asking a court to reconsider. Pursuant to Local Civil Rule 7.3(h)(1), a "court ordinarily will deny a motion for reconsideration absent a showing of . . .

---

[8] Pursuant to the Court's October 31, 2024 Scheduling Order, "[d]epositions must be taken no later than March 3, 2025." Docket 41, page 2.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 8 of 15
Case 3:23-cv-00231-SLG     Document 108     Filed 05/07/25     Page 8 of 15

(A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law." "A motion for reconsideration is limited to 5 pages, and must be filed and served: (A) not later than 7 days after the entry of the order, for motions asserted under subsection (1)(A); or (B) within 14 days of the discovery or change in law, for motions asserted under subsections (1)(B) or (1)(C)."[9]

### 9. Docket 95, Declaration and Motion.

This filing, which consists of a declaration, "notice," and letter to the ACLU of Alaska, appears to seek similar relief as Mr. Kone's motions at Docket 65, 71, 72, and 73—namely, an in-person or telephone conference with defense counsel regarding depositions and appointment of counsel.[10] For the reasons stated in relation to those motions, the motion is DENIED. All communications in this case between the parties should be in writing unless both parties agree to an in-person meeting or telephone communication, both of which the Court strongly discourages. The Court notes that repeated requests for the same relief are improper and delay the Court's ruling on pending motions.

### 10. Docket 97, Declaration for Entry of Default.

Mr. Kone moves for entry of default because "[t]he Defendants have Failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of some

---

[9] Local Civ. R. 7.3(h)(2).

[10] *See* Docket 95 at 4, 6–7.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 9 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 9 of 15

discovery answer or any defense which it might have had . . . ."[11] Contrary to Mr. Kone's assertions, Ms. Baker filed an answer to Mr. Kone's complaint within the time set by the Court and has vigorously defended this action, including by responding to this motion for entry of default.[12] The proper procedure for raising deficiencies in a party's discovery responses before the Court is a motion to compel pursuant to Federal Rule of Civil Procedure 37; an allegedly deficient discovery response is not a basis for entry of default.[13] Accordingly, Mr. Kone's motion for entry of default is DENIED.

### 11. Docket 99, Motion for Reconsideration re Preliminary Injunctions and Temporary Restraining Orders.

Mr. Kone moves "for reconsideration for or to prevent irreparable harm from happening" based on "risk of excessive force, harassment, or access to court or cruel and unusual punishment, legal mail protection for trial material."[14] Mr. Kone asserts that various correctional officers at Spring Creek Correctional Center, where Mr. Kone is currently incarcerated, are retaliating or intend to retaliate against him for bringing this action against Ms. Baker.[15]

---

[11] Docket 97 at 1–2; *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.")

[12] *See* Docket 36 (setting deadline for Ms. Baker to file a responsive pleading); Docket 39 (Answer); Docket 105 (Response in Opposition.

[13] *See* Fed. R. Civ. P. 55.

[14] Docket 11 at 1.

[15] Docket 99 at 1–3.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 10 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 10 of 15

At Docket 14, on February 9, 2024, the Court issued a screening order and denied Mr. Kone's motion for a preliminary injunction and temporary restraining order at Docket 8 as moot because the requested relief concerned conditions at Spring Creek Correctional Center and Mr. Kone had been transferred to a different facility.[16] At that time, the Court found "no evidence of an expectation that he would be transferred back to the Spring Creek facility."[17] Mr. Kone has since been transferred back to Spring Creek Correctional Center and thus reconsideration of the Court's prior order may be warranted.[18]

"A preliminary injunction is an extraordinary equitable remedy."[19] The purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held."[20] A temporary restraining order serves a similar purpose: to preserve the status quo until a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent

---

[16] *See* Docket 14 at 1–2, 6.

[17] Docket 14 at 6.

[18] This district's local rules permit a motion for reconsideration to be filed within 14 days of the discovery of new material facts. *See* L. Civ. R. 7.3(h). Mr. Kone mailed his motion for reconsideration on April 13, 2025, 35 days after he was returned to Spring Creek Correctional Center on March 9, 2025. *See* Dockets 87, 99. In light of Mr. Kone's pro se status and the Court's inherent authority to reconsider its prior decisions, *see Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988), the Court addresses the untimely motion for reconsideration on its merits.

[19] *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (internal quotation marks omitted).

[20] *Id.* (quoting *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 11 of 15
Case 3:23-cv-00231-SLG   Document 108   Filed 05/07/25   Page 11 of 15

irreparable loss of rights prior to judgment.[21]

Here, Mr. Kone's requested relief—protection from retaliation by correctional officers at Spring Creek Correctional Center—is unrelated to preserving the status quo between the parties in this case. Ms. Baker no longer works for the Department of Corrections, and the Court will not issue a preliminary injunction order against a non-party.[22] The Court reiterates that this case is only about Ms. Baker's alleged misconduct, not any other grievances Mr. Kone may have. The motion for a preliminary injunction or temporary restraining order is therefore DENIED.[23]

## 12. Docket 101, Motion for an Order Compelling Disclosure or Discovery.

Mr. Kone moves to compel the production of an "investigation report under AK 23096976."[24] Ms. Baker responds that Mr. Kone has not attempted to confer

---

[21] *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).

[22] Although Federal Rule of Civil Procedure 65(d)(2) provides that non-parties "in active concert or participation with" a party or a party's officer or agent may be bound by a preliminary injunction, that rule does not authorize courts to issue injunctions directed at non-parties, as Mr. Kone requests here. *See cPanel, LLC v. Asli*, 719 F. Supp. 3d 1133, 1154–55 (D. Or. 2024); *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 44, (2021) ("[A] federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions. But under traditional equitable principles, no court may lawfully enjoin the world at large." (internal quotation marks omitted)).

[23] Mr. Kone's proposed order requests "30 day[s] to hire a court reporter for his deposition." To the extent that Mr. Kone is requesting an extension of time to take depositions, that request is addressed by the Court's discussion and order regarding Docket 85.

[24] Docket 101 at 1.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 12 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 12 of 15

in good faith with counsel,[25] despite his boilerplate certification to the contrary,[26] and that Mr. Kone filed the motion after the deadline for discovery motions had passed.[27]

Mr. Kone must attempt to confer in writing with opposing counsel about this discovery issue before filing a motion to compel with the Court. Mr. Kone has not shown that he has adequately conferred in writing with opposing counsel about this particular investigation report. Further, in light of Defendant's representation that she will produce confidential prisoner records pertaining to Mr. Kone after the Court enters a protective order governing the use and disclosure of such records, the motion to compel at Docket 101 is DENIED without prejudice. Mr. Kone may file a renewed motion to compel production of the investigation report if it is not provided to him within 30 days of the date of this order and after Mr. Kone has attempted to resolve any dispute via exchange of letters with defense counsel on this particular issue. Additionally, the Court will extend the deadline for discovery motions to 50 days from the date of this order to allow for the completion of discovery consistent with this order.

**13. Docket 84, Motion for Protective Order and Authority to Disclose DOC Records.**

---

[25] Docket 105 at 9.

[26] Docket 101 at 2.

[27] Docket 105 at 9–10.

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 13 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 13 of 15

The Court has reviewed Defendant's proposed Protective Order at Docket 84-1. The Court finds good cause to GRANT Ms. Baker's Motion for a Protective Order. The Court will issue a separate order containing the terms of the protective order, which shall be binding on both parties.

**14. Docket 103, Motion to Accept Late-Filed Oppositions.**

At Docket 103, Ms. Baker moves the Court to accept her late-filed oppositions to Mr. Kone's motions at Dockets 94 and 95. The Court reads Mr. Kone's filing at Docket 94, titled "Supplementing Disclosures and Response" and captioned on page two "Respons[e] to Defendant Opposition or Objection" as a supplement to his reply brief at Docket 93, and thus no opposition by Ms. Baker was required or permitted.[28] The motion is therefore DENIED as it pertains to Docket 94. With respect to the motion at Docket 95, the motion is GRANTED and the opposition at Docket 105 is accepted as filed.[29]

## CONCLUSION

Mr. Kone's pending motions at Dockets 65, 71, 72, 74, 78, and 101 are DENIED without prejudice; the motions at Dockets 73, 88, 95, 97, and 99 are DENIED; and the motion at Docket 85 is GRANTED. Ms. Baker's pending motion

---

[28] Replies should clearly reference the motion and opposition to which they pertain. Supplemental briefing is allowed only in specific circumstances not present here, L. Civ. R. 7.1(d), and thus the Court does not consider Mr. Blas's filing at Docket 94.

[29] The District of Alaska's Local Civil Rule provides that, "[e]xcept for alternative requests for relief or as otherwise provided by rule or order of the court, each motion must be filed separately", L. Civ. R. 7.1(e), and "if a party seeks to address two motions in a single filing . . . , a separate filing for each document must be made . . . ," L. Civ. R. 5.1(f).

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 14 of 15
Case 3:23-cv-00231-SLG    Document 108    Filed 05/07/25    Page 14 of 15

at Docket 103 is GRANTED in part and DENIED in part, and the motion at Docket 84 is GRANTED; the Court will issue a separate order containing the terms of the protective order.

The Court extends the discovery motion deadline deadlines to **50 days from the date of this order** to allow discovery to proceed consistent with this order and extends the dispositive motion deadline to **30 days after the close of discovery**.

DATED this 7th day of May, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00231-SLG, *Kone v. Baker, et al.*
Order on 14 Pending Motions
Page 15 of 15
Case 3:23-cv-00231-SLG   Document 108   Filed 05/07/25   Page 15 of 15