IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TIDIANE KONE,

        Plaintiff,

  v.

KATRINA BAKER,

        Defendant.

Case No. 3:23-cv-00231-SLG

## ORDER ON PENDING MOTIONS

Before the Court are seven motions:

1. At Docket 130 is Defendant's Motion for Summary Judgment and at Docket 135 is Defendant's Motion for Leave to File Under Seal. Plaintiff responded in opposition to the summary judgment motion at Docket 144, to which Defendant replied at Docket 146. Plaintiff filed a "Re-Opposition" to Defendant's reply at Docket 150 and a Motion for "Statement of Disputed Facts Opposition" at Docket 151. At Docket 152, Defendant filed a Motion to Strike those filings.

2. At Docket 148 is Plaintiff's Motion for Leave to File an Amended [Complaint] and Supplemental Pleadings. Defendant responded in opposition at Docket 153.

3. At Docket 149 is Plaintiff's Motion for Extension of Time to File Motion for Summary Judgment. Defendant responded in opposition at Docket 154.

4. At Docket 157 is Plaintiff's Motion for Right to a Jury Trial. Defendant responded in opposition at Docket 158, to which Plaintiff replied at Docket 159.

**BACKGROUND**

Plaintiff Tidiane Kone, a self-represented prisoner, initiated this action under 42 U.S.C. § 1983 on October 4, 2023. In the Third Amended Complaint ("TAC"), Plaintiff alleges that Department of Corrections ("DOC") Correctional Officer ("CO") Defendant Katrina Baker used excessive force against Plaintiff on September 10, 2023, when she deployed pepper spray at him.[1] There has been extensive motions practice in this case.[2] Now pending before the Court are Defendant's Motion for Summary Judgment and related motions, as well as various motions filed by Plaintiff. Oral argument was not requested and was not necessary to the Court's determination.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

**LEGAL STANDARDS**

I. **Summary Judgment**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material

---

[1] Docket 15 at 2; *see* Docket 22 (order directing service and response).

[2] *See* Docket 66 (order on 13 motions); Docket 108 (order on 14 motions); Docket 115 (order on two motions); Docket 147 (order on four motions).

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 2 of 11
Case 3:23-cv-00231-SLG    Document 160    Filed 11/20/25    Page 2 of 11

fact and the movant is entitled to judgment as a matter of law." The movant bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case."[3] If the movant meets this burden, the non-moving party must "designate 'specific facts showing that there is a genuine issue for trial.'"[4] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[5]

When evaluating the record to decide a motion for summary judgment, a court must "view the facts and draw reasonable inferences" in the light most favorable to the non-moving party.[6] Nonetheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[7]

II. **Leave to Amend**

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[4] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[5] *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

[6] *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted).

[7] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz.*, 391 U.S. at 289).

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 3 of 11
Case 3:23-cv-00231-SLG     Document 160     Filed 11/20/25     Page 3 of 11

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." However, a court may deny leave to amend for reasons of "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[8] Amendment may be considered futile when the claims lack a cognizable legal basis[9] or when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[10]

## DISCUSSION

### I. Defendant's Motion for Summary Judgment

Before a prisoner may maintain a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies.[11] Specifically, the Prisoner Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[12] To exhaust all available remedies, a prisoner must "complete the administrative review

---

[8] *Foman v. Davis,* 371 U.S. 178, 182 (1962).

[9] *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

[10] *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted).

[11] 42 U.S.C. § 1997e(a).

[12] *Id.*

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 4 of 11
Case 3:23-cv-00231-SLG   Document 160   Filed 11/20/25   Page 4 of 11

process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."[13] The grievance "need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." [14] But a grievance must "alert the prison to the nature of the wrong for which redress is sought"[15] in order to provide prison officials a fair opportunity to correct their own errors and to develop an administrative record supporting the prison's decision.[16]

A plaintiff need not affirmatively plead exhaustion; it is generally raised by the defendant as an affirmative defense.[17] A defendant bears the initial burden to show that there was an administrative grievance procedure available to the prisoner plaintiff and that the prisoner did not exhaust that administrative procedure.[18] However, once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, has exhausted his

---

[13] *Harvey v. Jordan,* 605 F.3d 681, 683 (9th Cir. 2010) (*quoting Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009)). *See also Woodford v. Ngo,* 548 U.S. 81, 88 (2006) (holding that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules").

[14] *Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir. 2009).

[15] *Id.* (internal quotation omitted).

[16] *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016).

[17] *Albino v. Baca,* 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see* Docket 39 at 6 (Defendant's Answer asserting that "Plaintiff has failed to exhaust administrative remedies").

[18] *Brown v. Valoff,* 422 F.3d 926, 936-37 (9th Cir. 2005).

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 5 of 11
Case 3:23-cv-00231-SLG   Document 160   Filed 11/20/25   Page 5 of 11

administrative remedies or that administrative remedies were not available to him.[19]  Generally, "the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA . . . is a motion for summary judgment under Rule 56."[20]  Excessive force claims are subject to the PLRA's exhaustion requirement.[21]

Defendant contends that Plaintiff has not exhausted his administrative remedies "because he failed to file a formal grievance packet alleging that CO Baker used excessive force on him in compliance with the process set forth by DOC policy 808.03 VII.A.1.c."[22]  Defendant states that while Plaintiff filed two grievances within 30 days after the pepper spray incident, neither grievance concerned "staff misconduct or use of excessive force."[23]  Defendant filed copies of DOC's policy regarding inmate grievances.[24]  Defendant also provided copies of the two grievances that Plaintiff submitted within 30 days following the incident, as well as a log of Plaintiff's grievances and declarations from prison personnel who are responsible for maintaining records of prisoner grievances.[25]

---

[19] *Albino,* 747 F.3d at 1172.

[20] *Id.* at 1168.

[21] *Ross v. Blake*, 578 U.S. 632, 640 (2016) (noting that, in *Porter* v. *Nussle*, 534 U.S. 516, 520 (2002), the Supreme "Court rejected a proposal to carve out excessive-force claims . . . from the PLRA's exhaustion regime").

[22] Docket 130 at 16.

[23] Docket 130 at 17.

[24] Docket 130-1 (DOC Policy); Docket 130-2 (Prisoner Grievance form).

[25] Docket 130 at 17 (citing Docket 130-3 at 1 (September 16, 2023 grievance requesting return of

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 6 of 11
Case 3:23-cv-00231-SLG       Document 160       Filed 11/20/25       Page 6 of 11

The grievances and grievance log filed by Defendant show that Plaintiff did not raise the issue of excessive force in a grievance after the incident; rather, the grievances he did raise pertained to unrelated matters.[26] The Court finds that Defendant has met her burden to show there was an available grievance procedure and Plaintiff did not exhaust his administrative remedies with respect to his excessive force claim against Defendant Baker.

In opposition to Defendant's motion for summary judgment, Plaintiff does not address Defendant's exhaustion argument.[27] The only portion of Plaintiff's opposition that remotely relates to the grievance process is Plaintiff's contention that "[a]fter disciplinary hearing[,] Kone plea not guilty and requested for appeal. On 11/01/23 Kone begin to complaint about D.O.C. failure to response on the appeal[.] On 11/07/23 Kone receive response say the appeal was completed."[28]

---

legal documents); Docket 130-4 at 1 (October 2, 2023 grievance requesting new eye glasses); Docket 130-11 (list of grievances filed by Plaintiff); Docket 132 (Brown Decl.) at ¶ 4 ("I reviewed Spring Creek's local grievance files, and they concur with ACOMS which shows that Mr. Kone only filed two grievances within the timeframe of September 10, 2023, through October 10, 2023. Neither grievance complained that Officer Baker used excessive force on Mr. Kone nor committed any other staff misconduct."); Docket 134 (Wood Decl.) at ¶ 4 ("I did find that Mr. Kone filed one grievance in September 2023 and another in October 2023. Both grievances were filed within 30 days of the incident he alleges occurred on September 10, 2023. Both grievances alleged personal property issues. Neither grievance complained that Officer Baker used excessive force nor that she committed any other sort of staff misconduct.")).

[26] The grievance at Docket 130-3 requests the return of Plaintiff's legal documents, and the grievance at Docket 130-4 requests new eye glasses. *See also* Docket 130-11 (list of grievances filed by Plaintiff).

[27] *See generally* Docket 144.

[28] Docket 144 at 9 (citing Docket 130-11 at 1 (grievance list identifying November 7, 2023 grievance stating "I had received back the notice of impositions of sanctions confirming the sanction against me. After my disciplinary hearing I file for appeal, I never get no response back. On 11/01/23 I request for my appeal response, I never get no response back. RR-I need my

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 7 of 11
Case 3:23-cv-00231-SLG     Document 160     Filed 11/20/25     Page 7 of 11

This entry could relate to an appeal from Plaintiff's citation for his purported failure to follow Defendant's direct orders that prompted the pepper spray incident.[29] However, Plaintiff entirely fails to explain how the November 2023 grievance regarding an appeal of sanctions against him is relevant to the exhaustion of his excessive force claim against Defendant Baker here. Nor was that grievance filed within 30 days of September 10, 2023.[30]

As such, when viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is no genuine dispute of material fact regarding exhaustion and Plaintiff has not carried his burden to demonstrate that he exhausted his administrative remedies.[31] And because "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim," the Court does not reach the merits of Plaintiff's excessive force claim and grants Defendant's motion for summary judgment.[32]

---

appeal response back or copy for my response.")).

[29] *See* Docket 130-5.

[30] Plaintiff filed this action on October 4, 2023, the form Complaint he filed included a remainder regarding exhaustion. Docket 1 at 2; *see also* Docket 1-5 at 1 (grievance attached to Plaintiff's initial Complaint raising First, Fourth, and Sixth Amendment issues related to the seizure of his legal mail and the attorney-client privilege).

[31] *Albino,* 747 F.3d at 1172.

[32] *Id.* at 1170; *see also Fordley v. Lizarraga*, 18 F.4th 344, 350, 358 (9th Cir. 2021) (affirming district court's grant of summary judgment to the defendant on unexhausted deliberate indifference claim against warden because warden was never named in grievance and claim was therefore unexhausted).

In his opposition, Plaintiff also asserts new claims based on the conditions of his confinement and a purported violation of his due process rights pursuant to the Fifth and Fourteenth Amendments.[32] However, as Defendant notes, a plaintiff cannot add new claims by raising them

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 8 of 11
Case 3:23-cv-00231-SLG      Document 160      Filed 11/20/25      Page 8 of 11

## II. Plaintiff's Motion for Leave to Amend

Plaintiff moves to amend his complaint to, from what the Court can ascertain, add additional defendants and claims for employment discrimination, unsafe prison conditions, conspiracy, and a due process violation.[33] It appears that Plaintiff seeks to add new defendants and claims based on conduct that occurred in the course of this litigation, including alleged spoliation of some of the video footage of the incident.[34]

Under Alaska law, "[t]he tort of spoliation requires a viable underlying cause of action."[35] That is, "claims for intentional spoliation are limited to circumstances in which a valid underlying cause of action is prejudiced by the destruction of evidence."[36] Here, because Plaintiff has failed to exhaust his claims and his underlying complaint must be dismissed on that basis, there is no viable underlying cause of action in this case. Further, Plaintiff cannot show that the destruction of the video footage prejudices his § 1983 claim because that claim must be dismissed for failure to exhaust.

---

in an opposition to a summary judgment motion.[32] The Court therefore does not consider any additional claims in deciding Defendant's summary judgment motion.

[33] Docket 148 at 2-3.

[34] Docket 148 at 2.

[35] *Allstate Ins. Co. v. Dooley*, 243 P.3d 197, 201 (Alaska 2010).

[36] *Id.*

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 9 of 11
Case 3:23-cv-00231-SLG    Document 160    Filed 11/20/25    Page 9 of 11

Further, the Scheduling and Planning Order entered in this case set a January 2, 2025 deadline to amend the pleadings that would not be extended without a showing of good cause.[37] Plaintiff filed his motion for leave to amend the TAC on August 14, 2025.[38] He does not contend that good cause exists to extend the deadline. Moreover, as Defendant correctly argues, the additional defendants that Plaintiff seeks to add to his complaint appear to be unrelated to Plaintiff's claim that Defendant Baker used excessive force against him.[39] Under Federal Rule of Civil Procedure 20, new defendants can only be permissibly joined to an action if they allegedly involve the "same transaction, occurrence, or series of transactions or occurrences" and there is "any question of law or fact common to all defendants." And, in any event, given that this action must be dismissed for failure to exhaust, there is "no set of facts [that] can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[40] Therefore, amendment would be futile, and Plaintiff's Motion for Leave to Amend is denied.

## CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED:

---

[37] Docket 41 at 1-2.

[38] Docket 148.

[39] Docket 153 at 3-4.

[40] *Shermoen*, 982 F.2d at 1319; *Koster*, 849 F.3d at 656 (internal quotation omitted).

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 10 of 11
Case 3:23-cv-00231-SLG    Document 160    Filed 11/20/25    Page 10 of 11

- Defendant's Motion for Leave to File Under Seal at Docket 135 is GRANTED. Exhibit F, which was conventionally filed with the Court, shall remain under SEAL;

- Because Plaintiff has not shown that he exhausted his administrative remedies as to his excessive force claim against Defendant Baker, Defendant's Motion for Summary Judgment at Docket 130 is GRANTED;

- As Plaintiff's proposed amended complaint would not cure the deficiency with exhaustion and amendment would be futile, Plaintiff's Motion for Leave to File an Amended [Complaint] and Supplemental Pleadings at Docket 148 is DENIED; and

- All other motions pending in this case are DENIED as moot.[41]

The Clerk is directed to issue a final judgment and close this case.

DATED this 20th day of November, 2025, at Anchorage, Alaska.

                                            */s/ Sharon L. Gleason*
                                            UNITED STATES DISTRICT JUDGE

---

[41] Specifically, as to the right to a jury trial, *see In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) ("As the Supreme Court held, over one hundred years ago, a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial." (first citing *Fid. & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319-21 (1902); and then citing *Anderson*, 477 U.S. at 251-52 (holding that there is no right to a jury trial where the evidence is "so one-sided that one party must prevail as a matter of law"))).

Case No. 3:23-cv-00231-SLG, *Kone v. Baker*
Order on Pending Motions
Page 11 of 11
Case 3:23-cv-00231-SLG    Document 160    Filed 11/20/25    Page 11 of 11